1  WESLEY D. MORTENSEN
   DUNN & BLACK, P.S.
2  111 North Post Street, Ste. 300
   Spokane, Washington 99201
3  Telephone: (509) 455-8711

4
   Attorneys for Defendants Pacific Coast
5  Trailers, LLC and Joseph Mayo

6

7

8              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF CALIFORNIA
9
                     FRESNO DIVISION
10

11 | COZAD TRAILER SALES, LLC,       )
   |                                 ) NO. CV-10-00668-AWI
12 |        Plaintiff,                )
   |                                 )
13 |    v.                            ) **PACIFIC COAST TRAILER AND**
   |                                 ) **MAYO'S MEMORANDUM IN**
14 |                                 ) **SUPPORT OF MOTION TO**
   | PACIFIC COAST TRAILERS, LLC, a  ) **DISMISS**
15 | Washington limited liability company; )
   | RELIANCE TRAILER                )
16 | MANUFACTURING, a California     ) Date: Monday, June 7, 2010
   | corporation; RELIANCE TRAILER   ) Time: 1:30 p.m.
17 | CO., LLC, a Washington limited   )
   | liability company; REDWOOD      ) **The Honorable Anthony W. Ishii**
18 | RELIANCE SALES COMPANY, a       )
19 | California corporation; BRIAN LING, )
   | an individual, DONALD K. LING, an )
20 | individual, and JOSEPH MAYO, an )
21 | individual,                      )
   |                                 )
22 |        Defendants.               )
23

24

25

PACIFIC COAST TRAILER AND
MAYO'S MEMORANDUM IN
SUPPORT OF MOTION ... - 1

Dunn & Black
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

# I. INTRODUCTION

Plaintiff Cozad Trailer Sales, LLC ("COZAD") traveled to Spokane, Washington and engaged in actionable conduct in the State of Washington that resulted in damages to Pacific Coast Trailers, LLC ("Pacific Coast Trailers"). In Washington, Cozad claimed to have purchased a Trademark from Sterling Savings Bank which Sterling Savings did not own. As a result, on March 16, 2010 Pacific Coast Trailers filed a Summons and Complaint for Damages, Declaratory Judgment and Injunctive Relief in the Superior Court of the State of Washington, County of Spokane. (See **Exhibit A** to Aff. of Mortensen). As explained below, the Washington lawsuit addresses the very legal and factual issue that Cozad attempts to raise in this action.

In its attempt to forum shop, Cozad Trailers ignored the fact that personal jurisdiction does not exist in California for Pacific Coast Trailers or Joseph Mayo, that this District is not the proper venue and Federal Comity. Therefore, Defendants Pacific Coast Trailers and Joseph Mayo (collectively "Pacific Coast Trailers") request that as to them the Court dismiss the above action for lack of personal jurisdiction, improper venue and Federal Comity. Based on the relevant facts, Pacific Coast's Motion to Dismiss should be granted and it awarded the attorney fees and costs it has been forced to incur.

PACIFIC COAST TRAILER AND MAYO'S MEMORANDUM IN SUPPORT OF MOTION ... - 2

Dunn & Black
A Professional Service Corp.
111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

## II. RELEVANT FACTS

1. Pacific Coast Trailers is a Washington Limited Liability Company formed in Washington on January 23, 2008. Pacific Coast's principal offices are located in Spokane, Washington. (Affidavit of Mayo, ¶ 2). Pacific Coast Trailers is not licensed in the State of California and has not conducted business in the State of California. (Aff. of Mayo, ¶2). Indeed, Pacific Coast Trailers is a Washington based Company that has no connection to the State of California.

2. Joseph Mayo is a resident of Spokane County, Washington that is employed in the State of Washington. Id.

3. On March 16, 2010 Pacific Coast Trailers filed a Summons and Complaint for Damages, Declaratory Judgment and Injunctive Relief in Spokane County Superior Court ("Spokane Lawsuit") naming Cozad Trailers as a Defendant. (See **Ex. A** to Aff. of Mortensen). The allegations in the suit are based on the same factual and legal claims that Cozad Trailer attempts to plead in the present action (which was filed nearly a month later). Namely, whether Sterling Savings (a Washington Bank) owned the Reliance Trademark and could sell it to Cozad Trailers in Washington. A Temporary Restraining Order was entered against Cozad in the Washington action preventing Cozad from using the Reliance Trademark. (**Exs. B**

PACIFIC COAST TRAILER AND MAYO'S MEMORANDUM IN SUPPORT OF MOTION ... - 3

Dunn & Black
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

**and C** to Aff. of Mortensen). A Stipulation was recently entered in the Eastern District of Washington extending that TRO. (**Ex. D** to Aff. of Mortensen).

  4. Cozad Trailers was served the Spokane Lawsuit on or about March 17, 2010 in Spokane County. On April 14, 2010, Cozad Trailers removed the Spokane lawsuit to the United States District Court Eastern District of Washington. (See **Ex. A** to Aff. of Mortensen). Cozad Trailers did not and has not filed an Answer to the Spokane Lawsuit. Instead, that same day it filed the present action. However, as explained below, this action duplicates the issue raised by the action pending in the Eastern District of Washington and should be dismissed based on lack of personal jurisdiction, improper venue and Federal Comity.

### III. ARGUMENT

#### A. COZAD TRAILER HAS THE BURDEN OF ESTABLISHING PERSONAL JURISDICTION.

*"When a defendant moves to dismiss for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating that the court has jurisdiction over the defendant."* Menken v. Emm, 503 F.3d 1050 (9th Cir. 2007) (citation omitted); see also Dole Food Co. v. Watts, 303 F.3d 1104, 1108 (9th Cir. 2002). Plaintiff Cozad cannot simply rest on the bare allegations of its complaint, but rather is obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction. Amba Marketing Sys., Inc. v. Jobar Int'l, Inc., 551 F.2d 784, 787 (9th Cir. 1977).

PACIFIC COAST TRAILER AND
MAYO'S MEMORANDUM IN
SUPPORT OF MOTION ... - 4

Dunn & Black
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

Here, Plaintiff Cozad Trailers bears the burden of proving that the exercise of personal jurisdiction over Pacific Coast Trailers and Joseph Mayo, non-residents, is proper.

**B.   PLAINTIFF'S CLAIMS MUST BE DISMISSED FOR LACK OF PERSONAL JURISDICTION.**

Personal jurisdiction over a nonresident corporation can be based on either general or specific jurisdiction. Neither specific nor personal jurisdiction can be established here since its exercise would violate due process.

    **1.   General Jurisdiction Does Not Exist Since Pacific Coast Trailers Does Not Conduct Continuous And Systematic Business In California.**

A nonresident corporation is only subject to general jurisdiction in the State of California if the corporation was doing business in California at the time the cause of action accrued. See Elkman v. National States Ins. Co., 173 Cal. App. 4th 1305, 1315, 93 Cal. Rptr.3d 768, 776 (2009); see Tuazon v. R.J. Reynolds Tobacco Co., 433 F.3d 1163, 1169 (9th Cir. 2006). A corporation is only considered to be doing business in California if it participates continuously and substantially in California's markets. See e.g. Haisten v. Grass Valley Medical Reimbursement Fund, Ltd., 784 F.2d 1392, 1396 (9th Cir. 1986); Tuazon, 433 F.3d at 1169 (citation omitted). The *"doing business"* inquiry under the statute is the same as the constitutional due process inquiry. Id.

PACIFIC COAST TRAILER AND MAYO'S MEMORANDUM IN SUPPORT OF MOTION ... - 5

Dunn & Black
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

Due process requires that a defendant must have *"certain minimum contacts"* with California such that the exercise of jurisdiction *"does not offend traditional notions of fairplay and substantial justice."* Menken, 503 F.3d at 1056 (citing Int'l Shoe Co. v. Wash., 326 U.S. 310, 316 (1945)). A nonresident corporation is subject to general jurisdiction only where its contacts with the forum state are *"substantial or continuous and systematic."* Easter v. Am. W. Fin., 381 F.3d 948, 960 (9th Cir. 2004). *"The standard for general jurisdiction is high; contacts with a state must approximate physical presence."* Tuazon, 433 F.3d at 1169 (citation and internal quotations omitted). A *"defendant must not only step through the door, it must also sit down and make itself at home."* Id.

Here, insufficient contacts between Pacific Coast Trailers and the State of California exist to justify the exercise of general jurisdiction. Pacific Coast Trailers does not have any offices, agents or employees in California (Dec. of Mayo, ¶ 2). The circumstances surrounding Pacific Coast Trailers' limited contacts with Plaintiff Cozad Trailers, a California company, in the State of Washington cannot be said to approximate a physical presence by Pacific Coast Trailers in the State of California. Moreover, the exercise of general jurisdiction over Pacific Coast Trailers would be unreasonable under the circumstances present here. Because Plaintiff cannot establish the existence of the requisite systematic, substantial and continuous

PACIFIC COAST TRAILER AND
MAYO'S MEMORANDUM IN
SUPPORT OF MOTION ... - 6

contacts between Pacific Coast Trailers and the State of California, general jurisdiction does not exist.

### 2. Plaintiff Cannot Prove The Required Elements For Establishing Specific Jurisdiction Over Pacific Coast Trailers and Joe Mayo.

Cal. Civ. Pro. Code § 410.10 extends the Court's exercise of personal jurisdiction to the limits of federal due process. Scott v. Braeland, 792 F.2d 925, 927 (9th Cir. 1986); Chan v. Society Expeditions, Inc., 39 F.3d 1398, 1405 (9th Cir. 1994). Thus, the jurisdictional analysis under the state law and federal due process are the same for specific jurisdiction. See Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 800-01 (9th Cir. 2004).

The Ninth Circuit analyzes specific jurisdiction according to a three-prong test:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

Menken, 503 F.3d 1050, 1057 (citation omitted).

The Plaintiff bears the burden of satisfying the first two prongs of the test. Id. *"If any of the three requirements is not satisfied, jurisdiction in the forum would deprive*

PACIFIC COAST TRAILER AND
MAYO'S MEMORANDUM IN
SUPPORT OF MOTION ... - 7

Dunn & Black
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

*the defendant of due process of law."* Pebble Beach Co. v. Caddy, 453 F.3d 1151, 1154-55 (9th Cir. 2006).

To establish the first prong, Plaintiff Cozad Trailers must establish that Pacific Coast Trailers purposefully availed itself of the privilege of conducting activities in California, or purposefully directed its activities toward California. Schwarzenegger, 374 F.3d at 802. This requirement ensures *"that the defendant's conduct and connection with the forum State are such that the defendant should reasonably anticipate being haled into court there."* Van Steenwyk v. Interamerican Mgmt., 834 F. Supp. 336 (E.D. Wash., 1993) (citing Burger King Corp. v. Rudzewicz, 471U.S. 462 (1985)).

In this transaction, Plaintiff came to Washington and purported to purchase a Trademark from Sterling Savings, a Washington Company. Thus, the dispute arose from Plaintiff's Washington based conduct. Pacific Coast Trailers has done nothing that would cause it to anticipate being hailed to Court in California. Thus, the *"purposeful availment"* factor is not satisfied. Plaintiff Cozad Trailers simply cannot meet its burden to establish specific jurisdiction because Plaintiff Cozad Trailers cannot establish the purposeful availment prong of the specific jurisdiction test. If the Court finds that the Plaintiff has failed to satisfy the first prong of the specific-jurisdiction test, it is unnecessary to examine the two remaining prongs. Rano v. Sipa

PACIFIC COAST TRAILER AND MAYO'S MEMORANDUM IN SUPPORT OF MOTION ... - 8

Dunn & Black
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

Press, Inc., 987 F.2d 580 (9th Cir. 1993). Notably, Plaintiff cannot establish the other two prongs either. Under the circumstances present here, the exercise of specific jurisdiction over Pacific Coast Trailers would not be reasonable.

C.  **VENUE IS IMPROPER.**

Like jurisdiction, once venue is challenged, the plaintiff bears the burden of showing that venue is proper. Piedmont Label Company v. Sun Garden Packing Co., 598 F.2d 491, 496 (9th Cir. 1979). As explained above, personal jurisdiction does exist with regard to Pacific Coast Trailer and Joseph Mayo. Supra. As a result, this forum is not proper for venue and should be dismissed. See 28 USC 1391(a).

D.  **FEDERAL COMITY DEMANDS DISMISSAL.**

It is well established that a district court may transfer, stay or dismiss an action when another similar complaint has already been filed in another federal court. Alltrade, Inc. v. Uni-weld Prods. Inc., 946 F.3d 622, 623 (9th Cir. 1991). This rule "serves the purpose of promoting efficiency well and should not be disregarded lightly." Church of Scientology v. United States Dep't of the Army, 611 F.2d 738, 750 (9th Cir. 1979). Courts should generally apply the first to file rule. Alltrade, 946 F.3d at 627-628. This is true even if "neither action has proceeded past the pleading stage…permitting multiple adjudication of [] identical claims could serve no purpose of judicial administration." Pacesetter Systems, Inc. v. Medtronic, Inc., 678 F.2d 93,

PACIFIC COAST TRAILER AND
MAYO'S MEMORANDUM IN
SUPPORT OF MOTION ... - 9

Dunn & Black
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

96 (9th Cir. 1982). Cases are sufficiently similar for purposes of applying the rule if the parties and the issues are the same. Id. at 95. However, the cases and the parties do not need to be completely identical. Id. They need only be "substantially similar". Nakash v. Marciano, 882 F.2d 1411, 1416 (9th Cir. 1989).

In this case, Pacific Coast Trailers filed a lawsuit that is now pending in the Eastern District of Washington based on whether Sterling Savings Bank in Washington actually had the right to sell the Reliance trademark to Cozad and seeking to enjoin Cozad Trailer from using the Trademark which Pacific Coast Trailer has licensed. Despite that pending action, Cozad only recently filed the present action seeking to have the same issues decided. Therefore, based on Federal Comity, this action should be dismissed.

E. **DEFENDANTS ARE TO AN AWARD OF ATTORNEY FEES AND COSTS.**

Defendants request an award of attorneys fees pursuant to FRCP 11 and costs pursuant to 28 U.S.C. § 1919.

\\\

\\\

\\\

\\\

PACIFIC COAST TRAILER AND MAYO'S MEMORANDUM IN SUPPORT OF MOTION ... - 10

Dunn & Black
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

## IV. <u>CONCLUSION</u>

Based on the foregoing, Pacific Coast Trailers and Joseph Mayo respectfully request that this Court Grant Pacific Coast Trailer and Mayo's Motion to Dismiss and award the reasonable attorney fees and costs incurred.

DATED this 26th day of April, 2010.

                DUNN & BLACK, P.S.

                s/ WESLEY D. MORTENSEN
                WESLEY D. MORTENSEN
                Attorneys for Defendants
                Dunn & Black, P.S.
                111 N. Post, Ste. 300
                Spokane, WA 99201
                Telephone: (509) 455-8711
                Fax:      (509) 455-8734
                Email: wmortensen@dunnandblack.com

PACIFIC COAST TRAILER AND MAYO'S MEMORANDUM IN SUPPORT OF MOTION ... - 11

Dunn & Black
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 26th day of April, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. The CM/ECF system will send notification of such filings to the following:

- **Sherrie M. Flynn**

    sherrie.flynn@fortneylaw.com

s/ WESLEY D. MORTENSEN
WESLEY D. MORTENSEN
Attorneys for Plaintiff
Dunn & Black, P.S.
111 N. Post, Ste. 300
Spokane, WA 99201
Telephone: (509) 455-8711
Fax:          (509) 455-8734
Email: wmortensen@dunnandblack.com

PACIFIC COAST TRAILER AND MAYO'S MEMORANDUM IN SUPPORT OF MOTION ... - 12

Dunn & Black
A Professional Service Corp.

111 North Post, Suite 300
Spokane, WA 99201
VOICE: (509) 455-8711 • FAX: (509) 455-8734